**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| **Melinda Liddle, individually and on behalf of all others similarly situated,** *Plaintiff*, v. **Salem Township Hospital** *Defendant.* | **CIVIL ACTION NO. 3:24-cv-01246** **CLASS AND COLLECTIVE ACTION** **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Melinda Liddle ("Plaintiff" or "Liddle"), individually and on behalf of all other similarly situated employees, files this Complaint against Salem Township Hospital ("Defendant" or "STH"), showing in support as follows:

**I.      NATURE OF ACTION**

1.      This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek.

2.      This action is also brought under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL"), for Defendant's violations of Illinois State Law. Plaintiff brings this claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.      An employer is not required to pay an employee for meal periods if the employer can satisfy its burden of showing that the employee received a bona fide meal period. However, Defendant cannot satisfy this burden because it required nurses and technicians to remain

responsible for patient care throughout their shifts, including during meal periods. Nurses and technicians frequently missed meal periods, and even when they attempted to eat their meal periods were regularly interrupted by work demands. Nonetheless, Defendant automatically deducted a thirty-minute period for every shift worked by one of its nurse/technician employees. In short, Defendant used the nurses/technicians' meal periods for its own predominant benefit.

4. Plaintiff brings this lawsuit individually and as an FLSA collective action and a Rule 23 class action on behalf of all similarly situated current and former nurse/technician employees of Defendant who, like Plaintiff, were deprived of federal and state guaranteed overtime pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward.

5. Plaintiff and the class and collective action members seek all damages available under the FLSA and relevant state law, including back wages, liquidated damages, punitive damages, legal fees, costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.     THE PARTIES

### A.     Plaintiff Melinda Liddle

6. Plaintiff is an individual residing in Pike County, Illinois. Plaintiff has standing to file this lawsuit.

7. Plaintiff began working for Defendant on or about September 7, 2022. Plaintiff is a current employee.

8. At all times relevant, Plaintiff was paid on an hourly basis of approximately $48.00 per hour.

9. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.     Collective Action Members**

10. The putative Collective Action Members are all current or former nurse and technician employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek due to Defendant's practice of deducting 30 minutes of work time from each shift worked and not paying for same. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

11. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.     Class Action Members**

12. The Class Action Members are all current or former nurse/technician employees of Defendant in Illinois who are/were not paid one and one-half times their respective regular rates of pay for all hours worked over 40 during each seven-day workweek during the time period of three years preceding the filing of this lawsuit and forward. Because Defendant did not pay all overtime premium compensation due to its employees who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Class Action Members are all similarly situated within the meaning of Rule 23 of the Federal Rules of Civil Procedure.

13. The relevant time period for the claims of the putative Class Action Members is three years preceding the date this lawsuit was filed and forward.

14. Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**D.     Defendant Salem Township Hospital**

15. Defendant is a domestic nonprofit company organized under the laws of the State of Illinois.

16. Although Defendant is a nonprofit, it is covered by the FLSA as a "named enterprise." *See* 29 U.S.C. § 203(s)(1)(B).

17. Defendant may be served with summons through its registered agent Marvin G. Miller at 623 E Broadway; Centralia, IL 62801.

### III.     JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

19. This Court also properly exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

20. The United States District Court for the Central District of Illinois has personal jurisdiction over Defendant because Defendant is located in Illinois and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Illinois and in this District.

21. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.  FACTUAL BACKGROUND

22. Plaintiff is a nurse who worked for Defendant from on or about September 7, 2022 to present.

23. At the time of hiring, Plaintiff agreed to provide services as a nurse in exchange for Defendant's agreement to provide hourly compensation for all hours worked under forty (40) at a specified rate.

24. Plaintiff and similarly situated nurses/technicians are regularly scheduled to work shifts several times per week at Defendant's hospital location(s), for which they receive some pay on an hourly basis. Plaintiff frequently worked successive shifts such that Plaintiff worked over forty (40) hours in a workweek, like many other nurses/technicians working at Defendant's hospital locations. Accordingly, Plaintiff and the Collective Action Members frequently worked in excess of forty (40) hours in a workweek.

25. Defendant frequently requires Plaintiff and similarly situated nurses/technicians to work through promised meal breaks, and even when such nurses/technicians might be afforded meal breaks, they were typically interrupted by other nurses and technicians on duty, nurse managers, patients, their families, and others at Defendant's hospital location(s).

26. In such workweeks, as the result of a common wage payment policy and/or practice equally applicable to Plaintiff and the Collective Action Members, Defendant failed to pay all due and owing overtime wages to Plaintiff and the Collective Action Members because it automatically deducted meal breaks of approximately thirty minutes for each shift. Pursuant to federal law, for each such deducted meal break in a workweek of over forty (40) hours, Defendant will owe Plaintiff and the Collective Action Members backpay at the rate of time and one-half their respective hourly rates of pay.

27. However, Plaintiff and similarly situated nurses/technicians sometimes worked for fewer than forty (40) hours in a workweek. In such workweeks, Defendant failed to pay Plaintiff and the Class Action Members their respective agreed upon hourly rates for all hours worked due to the same uniform wage payment policy and/or practice of automatically deducting meal breaks of approximately thirty minutes for each shift. Pursuant to state law, for each such deducted meal break in a workweek of less than forty (40) hours, Defendant will owe Plaintiff and the Class Action Members backpay at the rate of their respective hourly rates of pay.

28. Defendant is and was familiar with the demands of the healthcare industry in general and specific to its own operations, but it deliberately chose to keep its labor costs low by failing to hire sufficient nurses/technicians per shift to allow its employees to take full, uninterrupted meal breaks. Defendant required and permitted its overworked nurses/technicians to work during meal breaks for Defendant's benefit. Defendant knew and expected that Plaintiff and similarly situated employees would work through unpaid "meal breaks," and this was a daily occurrence. Defendant's supervisory and managerial employees routinely interrupted Plaintiff and similarly situated employees' "meal breaks," and made work demands upon them. Defendant's supervisory and managerial employees had actual knowledge of the shifts Plaintiff and similarly situated employees worked and that those shifts did not include bona fide meal breaks to the predominant benefit of Defendant.

29. Plaintiff and similarly situated employees were expected to respond to doctor questions, questions of patient families, patient emergencies, questions from co-workers, questions from supervisors, and were expected to answer the phone in the breakroom along with being subject to return to work at each and every promised "meal break" in every shift. Defendant knew and/or had reason to know that nurses/technicians performed such work during

their unpaid "meal breaks." It was Defendant who required Plaintiff and similarly situated employees to remain available to respond to work demands at any time during their shift, including during supposed "meal breaks." Moreover, Plaintiff and similarly situated employees frequently performed work for Defendant during unpaid "meal breaks" in plain sight of Defendant's supervisory and managerial employees, often at their specific behest.

30. Despite Defendant's actual knowledge that Plaintiff and similarly situated employees worked during supposed "meal breaks," Defendant willfully failed to compensate them for such work, electing instead to accept the benefits of Plaintiff and similarly situated employees' work for free.

31. Given Defendant's supervisory and managerial employees knowledge from direct observation and from their general knowledge of Defendant's healthcare operations that Plaintiff and similarly situated employees regularly worked through uncompensated "meal breaks," Defendant had both actual and constructive knowledge that Plaintiff and similarly situated employees were not compensated at all for their many hours of work during supposed "meal breaks," let alone at the relevant agreed-upon hourly rate or federally-mandated time and one-half rate for overtime hours of work.

32. Evidence reflecting the number of uncompensated meal break hours worked by each class member, as well as their applicable regular and overtime rate, is in the possession of Defendant. Actual damages can be calculated easily once Defendant has produced complete payroll records for the class. The absence of a bona fide meal break makes all unpaid meal break time compensable, and all that remains is to establish the number of shifts worked by Plaintiff and similarly situated employees in the weeks in which they worked more than 40 hours, and the number of shifts worked in which they worked fewer than 40 hours. Each shift worked will

entitle such employees to half an hour of pay at either their usual hourly rate or at their time-and-one-half rate, depending upon whether the week in question is one in which forty or fewer hours were worked, or one in which forty or more hours were worked. The information needed to calculate damages—specifically the dates of the shifts worked, the total number of hours worked per week, and the base hourly rate of pay for each worker—exists right now in Defendant's timekeeping and payroll databases. The damage calculation itself will be a straightforward accounting process.

## V.     FLSA CLAIMS FOR OVERTIME PAY

33.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

34.     All conditions precedent to this suit, if any, have been fulfilled.

35.     At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. *See* 29 U.S.C. *See* 29 U.S.C. § 203(s)(1)(B).

36.     Plaintiff and the putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

37.     Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

38.     Plaintiff and putative Collective Action Members are/were paid on an hourly/daily rate basis by Defendant.

39.     At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of forty (40) hours per seven-day workweek as employees of Defendant.

40.     Plaintiff and putative Collective Action Members are/were not paid for all compensable hours of work when they worked for Defendant.

41. Defendant is/was required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

42. Defendant failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

43. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

44. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

45. Plaintiff and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

### VI. COLLECTIVE ACTION CLAIMS

46. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

47. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

48. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current or former nurse and technician employees of Defendant who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek due to Defendant's policy/practice of deducting 30 minutes of work time from each shift worked and not paying for same for the time period of three years preceding the date this lawsuit was filed and forward.

49. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy/practice, namely, that approximately thirty minutes of work per shift was automatically deducted from their wages for supposed "meal breaks" regardless of whether the employee was fully relieved or received an uninterrupted meal break at all, leading to a failure to pay overtime wages in weeks where such employees worked over forty (40) hours.

50. Plaintiff has personal knowledge that this policy/practice did not apply uniquely to Plaintiff, but rather affected all of the putative Collective Action Members.

51. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

52. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

53. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

54. Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

55. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

56. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VII.   ILLINOIS STATE LAW CLAIMS

57. Defendant was the employer as defined by the IMWL of Plaintiff and the putative IMWL Class Members. 820 ILCS 105/3(c).

58. Plaintiff and the putative IMWL Class Members were the employees of Defendant as defined by the IMWL. 820 ILCS 105/3(d).

59. During the prior three years, Defendant required Plaintiff and the putative IMWL Class Members to work more than forty (40) hours in one or more seven-day workweeks.

60. For all time worked in excess of forty (40) hours in a seven-day workweek, Plaintiff and the putative IMWL Class Members were entitled to be paid one- and one-half times their respective regular rates of pay.

61. During the prior three years, Defendant did not pay Plaintiff and the putative IMWL Class Members one- and one-half times their respective regular rates of pay for all hours worked over forty (40) in each seven-day workweek.

62. During the prior three years, Defendant failed to pay all due and owing overtime wages to Plaintiff and the putative IMWL Class Action Members due to its automatic deduction

of meal periods from their hours of work regardless of whether an employee was fully relieved or received an uninterrupted meal break.

### VIII. CLASS ACTION CLAIMS

63. Plaintiff brings these claims for relief under Illinois State Law, listed above, for violations of the IMWL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

64. <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – the IMWL Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period over fifty (50) individuals worked for Defendant in the state of Illinois.

65. <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the IMWL Class including, but not limited to, the following:

   a. Whether Defendant unlawfully failed to pay all wages owed in violation of the IMWL;

   b. Whether Defendant maintained a policy or practice of failing to pay the IMWL Class Members for all of their hours of work;

   c. Whether Defendant maintained a policy or practice of failing to pay one and one-half times the regular rate of pay for all hours of work over forty (40) in a workweek; and

   d. The proper measure of damages sustained by the IMWL Class.

66. <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the IMWL Class Members. Plaintiff, like other IMWL Class Members, was subjected to Defendant's policy or practice of automatically deducting meal periods from their hours of work

regardless of whether they were fully relieved or received an uninterrupted meal break. Plaintiff's job duties and claims are typical of those of the putative IMWL Class.

67. <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative IMWL Class. Plaintiff does not have any conflict with any member of the putative IMWL Class.

68. <u>Adequacy of Counsel</u> (Fed. R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting overtime and regular rate violations under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative IMWL Class.

69. <u>Predominance and Superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the claims of the putative IMWL Class is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative IMWL Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative IMWL Class Members. The damages suffered by individual members of the putative IMWL Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

70. Notice (Fed. R. Civ. P. 23(c)(2)(B)) Plaintiff intends to send notice to all of the putative IMWL Class Members to the extent provided by Rule 23.

71. Plaintiff proposes that the class to be certified be preliminarily defined as:

All current or former nurse/technician employees of Defendant who worked in Illinois and were paid on an hourly basis and who are/were not paid one and one-half times their respective regular rates of pay for all hours worked over 40 during each seven-day workweek.

72. Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

### IX. CAUSES OF ACTION

**A.     First Claim for Relief – Violation of the FLSA**

73. The foregoing conduct, as alleged, violated the FLSA.

74. Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. §§ 203(d) & 203(e)(1).

75. Defendant was and is required to pay its nonexempt employees like Plaintiff and the putative Collective Action Members, time and one-half their respective regular rates of pay for all hours of work over forty in a seven-day workweek. 29 U.S.C. § 207.

76. Defendant failed to pay Plaintiff and the putative Collective Action Members their federally-mandated overtime wages for all hours worked over forty (40) in each seven-day workweek due to its policy or practice of automatically deducting meal periods from their hours of work regardless of whether they were fully relieved or received an uninterrupted meal break. 29 U.S.C. § 207.

77. Accordingly, Plaintiff and the putative Collective Action Members are entitled to back pay and liquidated damages for Defendant's failure to pay all overtime wages due to them.

78. Defendant's conduct was willful and done to avoid paying overtime. 28 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

79. Plaintiff seeks all damages to which Plaintiff and the putative Collective Action Members are entitled under the FLSA, including back overtime wages, liquidated damages, attorney's fees and costs, post-judgment interest, and such other and further relief as provided therein. Plaintiff specifically pleads recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**B.     Second Claim for Relief – Violation of the IMWL**

80. The foregoing conduct, as alleged, violates the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL").

81. The IMWL requires employers to pay nonexempt employees overtime compensation "for a workweek of more than 40 hours […] at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a.

82. Illinois wage and hour laws provide greater protections for workers than the FLSA. Therefore, Illinois wage and hour laws apply to Plaintiff and the IMWL Class Members. 29 U.S.C. § 218(a).

83. Throughout the time period relevant to this claim for relief, Plaintiff and the putative IMWL Class Members worked in excess of forty hours in a seven-day workweek for Defendant without receiving 1 1/2 times their respective regular rates of pay due to Defendant's uniformly applicable policy and/or practice of automatically deducting meal periods from their hours of work regardless of whether they were fully relieved or received an uninterrupted meal break.

84. Plaintiff seeks all damages to which he and the putative IMWL Class Members are entitled under the IMWL, including damages for the three (3) years prior to the filing of this lawsuit, treble damages, and punitive damages in an amount of five percent (5%) per month of the amount of the underpayments, reasonable attorney's fees and costs, and such other and further relief as provided therein. 820 ILCS 105/12(a).

## X.   JURY DEMAND

85. Plaintiff demands a jury trial individually and on behalf of the putative Collective/Class Action Members on all issues to which they are entitled to a jury trial.

## XI.   DAMAGES AND PRAYER

86. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Class and Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

　　a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

　　b. An award of damages due to Plaintiff and the Collective Action Members under the FLSA, including all unpaid overtime compensation, liquidated damages, all recoverable costs of action incurred, attorneys' fees pursuant to 29 U.S.C. § 216, and post judgment interest;

　　c. An order certifying the IMWL Claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

　　d. Designation of Plaintiff as representative of the IMWL Class Action Members;

　　e. Designation of Plaintiff's Counsel as Class Counsel for the IMWL Class Action Members;

　　f. An award of all damages due under the IMWL to Plaintiff and the IMWL Class Action Members, including all unpaid overtime compensation, treble damages, punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a), reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

    g. Such other and further relief as the Court may deem just and proper.

Dated: May 7, 2024

Respectfully submitted,

By:   <u>s/Melinda Arbuckle</u>
       Melinda Arbuckle
       Ricardo J. Prieto (to be admitted)
       WAGE AND HOUR FIRM
       5050 Quorum Drive, Suite 700
       Dallas, TX 75254
       (214) 489-7653 – Telephone
       (469) 319-0317 – Facsimile
       rprieto@wageandhourfirm.com
       marbuckle@wageandhourfirm.com

ATTORNEYS FOR PLAINTIFF AND PUTATIVE CLASS AND COLLECTIVE ACTION MEMBERS